IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| **MILTON SUDBROCK,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**INTERNATIONAL PAPER** )<br>**RECYCLING AND INTERNATIONAL** )<br>**PAPER COMPANY,** )<br>)<br>Defendants. ) | Civil Action No.: |

### DEFENDANT INTERNATIONAL PAPER COMPANY'S
### NOTICE OF AND PETITION FOR REMOVAL

Defendant, International Paper Company ("IP"), erroneously referred to as International Paper Recycling Company, in accordance with 28 U.S.C. §§ 1331 and 1441, petitions this Court for removal of this action currently pending in the Iowa District Court for Polk County, designated as Petition at Law No. CL 127451.  In support, Defendant states as follows:

1. On or about April 4, 2013, Plaintiff filed an Petition at Law and Jury Demand against International Paper Recycling and International Paper Company in the Iowa District Court for Polk County.  A copy of the Petition at Law and Jury Demand are attached as Exhibit "A".

2. IP accepted service of a copy of the Petition at Law on April 29, 2013.

3. This notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b), having been filed within 30 days after receipt by Defendant of a copy of the initial pleading setting forth Plaintiff's claim for relief.

4. Venue is proper in this Court.  The United States District Court for the Southern District of Iowa, Central Division, is the Division which encompasses Polk County, the district

in which the state court case was filed. Thus, the United States District Court for the Southern District of Iowa, Central Division, is the proper district court to which this case should be removed. See 28 U.S.C. §§ 1441(a) and 1446(a).

5. Plaintiff has asserted claims against IP of violation of the Iowa Civil Rights Act and the Americans with Disabilities Act of 1990 As Amended 42 U.S.C. §12101, *et seq.*, and as amended by the Americans with Disabilities Act Amendments Act of 2008. Therefore, the Petition raises questions of federal law. This Court has original jurisdiction of actions brought under 42 U.S.C. §12101, *et seq.*, and is removable pursuant to 28 U.S.C. § 1331, because this cause of action arises under the Constitution, treaties, or laws of the United States.

6. Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's related state law claims.

7. A copy of all process, pleadings, orders, and other papers or exhibits currently on file with the state court are attached to this notice of and petition for removal as Exhibit "A" as required by 28 U.S.C. § 1446(a) and Local Rule 81(a)(1).

8. Pursuant to Local Rule 81(a)(2), there are no matters pending in state court that require immediate resolution by this court.

9. The only counsel that have appeared in the state court are Plaintiff's counsel, Thomas M. Werner, 974 73rd Street, Suite 10, Des Moines, Iowa 50324, (515) 225-2888 (phone), (515) 224-7231 (fax), twerner777@yahoo.com.

10. Promptly after the filing of this Notice, Defendants will serve written notice of this removal to Plaintiffs through their counsel and will file a copy of this Notice of Removal with the Iowa District Court for Polk County, Iowa.

WHEREFORE, Defendant International Paper Company respectfully requests that this case be properly removed, that the Court accept jurisdiction over the action, and that this action be entered into the docket of this Court for further proceedings as if the action had originally been instituted in this Court.

Respectfully submitted this 9th day of May, 2013.

>JACKSON LEWIS LLP
>10050 Regency Circle, Suite 400
>Omaha, Nebraska 68114
>Telephone:   (402) 391-1991
>Facsimile:   (402) 391-7363
>
>By:   /s/ Kenneth M. Wentz III
>      Kenneth M. Wentz III, #26939
>      Adam J. Vergne, (IA# 11331)
>      wentzk@jacksonlewis.com
>      adam.vergne@jacksonlewis.com
>
>ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2013 a copy of the foregoing **DEFENDANT, INTERNATIONAL PAPER COMPANY'S, NOTICE OF REMOVAL,** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

>/s/ Kenneth M. Wentz III

4813-2397-3395, v. 1

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| MILTON SUDBROCK,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL PAPER RECYCLING;<br>and INTERNATIONAL PAPER COMPANY,<br><br>Defendants. | Law No. CL127451<br><br><br><br>PETITION AT LAW |

COMES NOW the Plaintiff, Milton Sudbrock, and for his Petition at Law against the above Defendants states:

## INTRODUCTION

1. This is an action brought under the provisions of the Iowa Civil Rights Act, Iowa Code Chapter 216, and also under the Americans With Disabilities Act of 1990 (as amended). The Petition raises a state law claim alleging disability discrimination in employment in violation of the Iowa Civil Rights Act. The Petition also raises a second claim alleging disability in discrimination in employment in violation of the Americans With Disabilities Act of 1990, and the Amendments to that Act (ADAAA). In this suit Plaintiff seeks the remedies of reinstatement to employment with Defendants, as well as awards of back pay and lost benefits, future losses, compensatory damages, punitive damages, reasonable attorney fees, interest, and the costs of this suit.

## JURISDICTION

2. The jurisdiction of this Court is invoked under the provisions of the Iowa Civil Rights Act. The Court's jurisdiction is also invoked under the provisions of the Americans With Disabilities Act of 1990, and the Amendments to that Act (ADAAA).

EXHIBIT A

## VENUE

3. Venue is appropriate in the Polk County District Court since Defendants operate and do business within the confines of Polk County, Iowa.

## PARTIES

4. Plaintiff Milton Sudbrock is an individual who resides in Des Moines, Polk County, Iowa, and who is a citizen of the United States.

5. At all times relevant hereto, Defendants were a corporation doing business in Des Moines, Iowa.

6. At all times material hereto, the Defendants were Plaintiff Sudbrock's "employer".

7. Prior to filing this action, Plaintiff filed timely charges of disability discrimination in employment with the Iowa Civil Rights Commission and the EEOC. Plaintiff has now received his Right to Sue Releases from those Commissions, and as a result he has complied with all jurisdictional prerequisites prior to filing this suit.

## FACTUAL BACKGROUND

8. Plaintiff Sudbrock commenced employment with the Defendants sometime during year 2004. At that time he was hired to work as a Driver at the company's Des Moines, Iowa, plant on Dixon Street.

9. In year 2011 Plaintiff began suffering from symptoms of kidney-related disease. Due to that fact he was referred to physicians with Nephrology, P.C., in Des Moines. Those physicians were Dr. Bruce Buchsbaum and Dr. Sameer Yaseen.

10. After being examined by Dr. Buchsbaum he diagnosed Plaintiff as suffering from "acute kidney injury with uremic symptoms". Dr. Buchsbaum recommended that Plaintiff be

admitted to the hospital for further evaluation. When that occurred, Plaintiff requested and was approved for Family Medical Leave from his employment at Defendants.

11. Plaintiff was admitted to Mercy Medical Center on January 25, 2012, so as to undergo a kidney surgery. Plaintiff then underwent that procedure, and was subsequently discharged after being hospitalized for a number of days.

12. Subsequent to Plaintiff's discharge from Mercy Medical Center he had an additional surgery with physicians at Iowa Heart Center. As Plaintiff understands it, that surgery was performed so as to allow him to proceed with dialysis for his kidney problems. Specifically, Plaintiff underwent a procedure in which the surgeon essentially "joined" two veins in Plaintiff's left arm so as to make a new artery for dialysis purposes. Subsequent to that procedure Plaintiff began regular dialysis treatments on a three-times per week basis.

13. By late May 2012 Drs. Yaseen and Buchsbaum felt that Plaintiff was physically capable of returning to his job duties at International Paper Company. As a result, on May 18, 2012, Dr. Yaseen provided Plaintiff with a full work release to return to his job duties. Plaintiff then went to International Paper Company and gave that release to the Plant Manager, Michelle Henderson. However, when Henderson reviewed the release slip she told Plaintiff she was going to give him a job description for his physicians to review, and a "Job Capability" form for his doctors to fill out on his behalf. She then gave that information to Plaintiff.

14. Thereafter, Dr. Yaseen reviewed Plaintiff's job description and filled out the information in the form required by Henderson. The completed form indicated that Plaintiff was physically able to return to his job duties at International Paper Company. Plaintiff then provided that form to Henderson, and told her that he was ready to return to work. In that conversation, however, Henderson responded by telling Plaintiff that she wanted the issue of his work

capabilities reviewed by International Paper's "company doctor", who was located in Connecticut.

15. It is Plaintiff's understanding that Henderson then provided his work release information to that "company doctor" in Connecticut. Subsequently, Plaintiff was told by Henderson that the company doctor wanted him to undergo a full physical exam with International Paper's local company-authorized physicians at Concentra Medical Center in Des Moines. Based upon that requirement Plaintiff underwent that physical with a Dr. Nayeri at Concentra. Plaintiff believes the exam took place on June 2, 2012, and when it was completed Dr. Nayer provided Plaintiff with a slip stating: "Return to work – no restrictions".

16. At about the same time Plaintiff's heart specialist, Dr. Borromoeo, also provided him with a full duty work release on or about June 22, 2012. At that time Dr. Borromeo completed a form that International Paper had requested from him. In that form Dr. Borromeo wrote that Plaintiff had no restrictions and that he "may return to work 6/25/12".

17. Despite being released fully by Dr. Yaseen and Dr. Borromeo, and despite receiving a full duty work release by International Paper's own physician at Concentra Medical Center, Henderson would still not permit Plaintiff to return to his job, or any job, at International Paper. Instead, she told Plaintiff that she was going to again fax all the medical information to the "company doctor" in Connecticut for his review.

18. By July 24, 2012, Plaintiff had heard nothing from International Paper about being permitted to return to work. Then, on or about July 24, 2012, Henderson called Plaintiff at home and informed him that International Paper would not allow him to return to his job with the company. Plaintiff responded by reminding Henderson that he had been released to work both by his own physicians and also by the company's authorized physician at Concentra

4

Case 4:13-cv-00214-JAJ-CFB Document 1 Filed 05/09/13 Page 8 of 12
E-FILED 2013 APR 04 9:52 AM POLK - CLERK OF DISTRICT COURT

Medical Center. Despite being reminded of those facts, Henderson would still not permit Plaintiff to return to his job with the company.

19. Despite holding out hope that he would be permitted to return to his job with the company, Plaintiff subsequently received a termination notice from International Paper. Specifically, in a letter dated October 3, 2012, Plaintiff was informed that he had been terminated from International Paper Company's employment effective September 28, 2012.

## FIRST CLAIM – DISABILITY DISCRIMINATION IN EMPLOYMENT (IOWA CIVIL RIGHTS ACT)

1. Plaintiff by reference incorporates herein paragraphs 1-19 of this Petition as if fully set forth herein.

2. The medical conditions previously described in paragraphs 9-12 above constitute a disability under the Iowa Civil Rights Act, real or perceived.

3. Defendants' actions in refusing to permit Plaintiff to return to work after treating for his medical condition/disability constituted a violation of the disability discrimination provisions of the Iowa Civil Rights Act.

4. Defendants' actions in refusing to accommodate any medical restrictions that it viewed Plaintiff as having due to his medical condition/disability, and refusing to return Plaintiff to any employment with Defendant, constituted a failure to offer Plaintiff a reasonable accommodation of a disability, real or perceived, and were in violation of the disability discrimination provisions of the Iowa Civil Rights Act.

5. As a proximate result of Defendants' actions set out above, Plaintiff has sustained in the past lost wages, seniority, fringe benefits, and other benefits of his employment with Defendants. He has also sustained, and will sustain in the future, a loss of income and benefits, as well as mental pain, anguish, humiliation, embarrassment, and damage to his reputation.

5

6. Defendants' actions as described above were reckless, willful, wanton, and intentional, and justify an award of punitive damages in this action.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment on his behalf finding that Defendants violated the disability discrimination provisions of the Iowa Civil Rights Act, Iowa Code Chapter 216, in their actions concerning him; that the Court order Plaintiff be reinstated to his job position with Defendants; that Plaintiff be awarded damages representing all past lost wages and past lost employment benefits that he sustains through the date of trial in this case; that Plaintiff be awarded damages representing those future lost wages and employment benefits that he is likely to incur beyond the trial date herein; that Plaintiff be awarded compensatory damages in the amount of no less than Fifty Thousand Dollars ($50,000.00) for the emotional pain and distress, embarrassment, humiliation, and damage to reputation he has sustained in the past, and will continue to sustain in the future, as a result of the actions complained of; that Plaintiff be awarded no less than Five Hundred Thousand Dollars ($500,000.00) in punitive damages on this claim; that Plaintiff be awarded reasonable attorney fees under Chapter 216; and that Plaintiff be awarded interest as provided by law, the costs of this suit, and whatever further relief the Court deems appropriate.

### SECOND CLAIM – AMERICANS WITH DISABILITIES ACT OF 1990 (AS AMENDED)

1. Plaintiff by reference incorporates herein paragraphs 1-19 of this Petition as if fully set forth herein.

2. The medical conditions previously described in paragraphs 9-12 above constitute a disability under the Americans With Disabilities Act of 1990, as amended by the ADAAA.

3. Defendants' actions in refusing to permit Plaintiff to return to work after treating for his medical condition/disability constituted a violation of the disability discrimination provisions of the Americans With Disabilities Act of 1990, as amended by the ADAAA.

4. Defendants' actions in refusing to accommodate any medical limitations that it viewed Plaintiff as having due to his medical condition/disability, and refusing to return Plaintiff to any employment with Defendant, constituted a failure to offer Plaintiff a reasonable accommodation of a disability, real or perceived, and were in violation of the disability discrimination provisions of the Americans With Disabilities Act of 1990, as amended by the ADAAA.

5. As a proximate result of Defendants' actions set out above, Plaintiff has sustained in the past lost wages, seniority, fringe benefits, and other benefits of his employment with Defendants. He has also sustained, and will sustain in the future, a loss of income and benefits, as well as mental pain, anguish, humiliation, embarrassment, and damage to his reputation.

6. Defendants' actions as described above were reckless, willful, wanton, and intentional, and justify an award of punitive damages in this suit.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment on his behalf finding that Defendants violated the disability discrimination provisions of the Americans With Disabilities Act of 1990 (as amended by the ADAAA) in their actions concerning him; that the Court order Plaintiff be reinstated to his job position with Defendants; that Plaintiff be awarded damages representing all past lost wages and past lost employment benefits that he sustains through the date of trial in this case; that Plaintiff be awarded damages representing those future lost wages and employment benefits that he is likely to incur beyond the date of trial herein; that Plaintiff be awarded compensatory damages in the amount of no less than Fifty Thousand

Dollars ($50,000.00) for the emotional pain and distress, embarrassment, humiliation, and damage to reputation he has sustained in the past, and will continue to sustain in the future, as a result of the actions complained of; that Plaintiff be awarded no less than Five Hundred Thousand Dollars ($500,000.00) in punitive damages on this claim; that Plaintiff be awarded reasonable attorney fees under the Americans With Disabilities Act of 1990, as amended by the ADAAA; and that Plaintiff be awarded interest as provided by law, the costs of this suit, and whatever further relief the Court deems appropriate.

/s/ Thomas M. Werner
Thomas M. Werner
974 – 73rd Street, Suite 10
Des Moines, Iowa 50324
Telephone: (515) 225-2888
Facsimile: (515) 224-7231
E-mail: twerner777@yahoo.com

ATTORNEY FOR PLAINTIFF

8

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| MILTON SUDBROCK,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL PAPER RECYCLING;<br>and INTERNATIONAL PAPER COMPANY,<br><br>Defendants. | Law No. CL 127451<br><br>JURY DEMAND |

COMES NOW the Plaintiff, Milton Sudbrock, and hereby demands a trial by jury on all claims/issues raised in this suit.

/s/ Thomas M. Werner
Thomas M. Werner
974 – 73rd Street, Suite 10
Des Moines, Iowa 50324
Telephone: (515) 225-2888
Facsimile: (515) 224-7231
E-mail: twerner777@yahoo.com

ATTORNEY FOR PLAINTIFF